IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND,**<br><br>　　Plaintiff,<br><br>and<br><br>**THE BOARD OF COMMISSIONERS OF OSAGE COUNTY, KANSAS and THE OFFICE OF THE SHERIFF FOR OSAGE COUNTY, KANSAS,**<br><br>　　Intervenor Plaintiffs,<br><br>v.<br><br>**ACME INVESTORS and JONES SERVICE, LLC,**<br><br>　　Defendants. | Case No. 23-205-DDC-ADM |

## MEMORANDUM AND ORDER

On August 30, 2023, intervenor plaintiffs The Board of Commissioners of Osage County, Kansas and the Office of the Sheriff for Osage County, Kansas (collectively, "the County") filed a Third-Party Petition for the Appointment of a Receiver. Doc. 13. The court construes this Petition as a motion under Fed. R. Civ. P. 66, which governs appointment of a receiver in federal court, and Fed. R. Civ. P. 69(a)(1), which governs supplementary proceedings in aid of execution of a writ. These Rules require the court to apply Kansas law to determine both the procedure and the legal standard for appointing a receiver. The court preliminarily agrees that this case warrants a receiver, but it requires an additional filing before the court can appoint one.

I.   **Background**

Plaintiff secured a judgment against defendants Acme Investors and Jones Service, LLC in the United States District Court for the Eastern District of Virginia on June 19, 2020, in the amount of $3,650,174.86 owed jointly and severally by defendants. *See* Doc. 1 at 2. Plaintiff registered that judgment in this court on March 27, 2023, *id.* at 1, then requested a writ of general execution to issue, as the judgment remained unsatisfied, Doc. 2. The court issued a Writ of Execution that directed "the Sheriff of Osage County, Kansas . . . to seize all non-exempt property belonging to either one or both judgment debtors, including but not limited to Jonesy's Service, located at 226 Main Street, Melvern, Kansas." Doc. 3 at 2.

The County then filed a Motion to Intervene (Doc. 4) on August 11, 2023, and a Report of Status of Execution Proceedings and Returns (Doc. 8) shortly thereafter. The County's report explained the County had experienced "significant complications associated with executing the Writ[.]" Doc. 8 at 2. Those complications stem from Jones Service functioning as a fully operational gas station and grocery—with inventory and an embedded mechanic shop—rather than a defunct building, as plaintiff had believed. Doc. 13 at 2. The court granted the County's intervention motion on August 30, 2023. Doc. 12. The County then filed its Third-Party Petition for the Appointment of a Receiver (Doc. 13) "to continue operation of the business leading up to the sale[.]" Doc. 13 at 5.

II.   **Legal Standard**

Before proceeding to the merits of the motion, the court must identify the governing law. For that inquiry, the court begins with the Federal Rules of Civil Procedure. Rule 69(a)(1) provides:

> A money judgment is enforced by a writ of execution . . . .   The procedure on execution—and in proceedings supplementary to and in aid of judgment or

execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

The Tenth Circuit has applied Rule 69(a) to the appointment of a receiver in aid of an action for execution. *See Edmonston v. Sisk*, 156 F.2d 300, 301 (10th Cir. 1946).

Under Rule 69(a)(1), any supplementary proceedings in aid of execution must comply with the procedure of the state where our court sits—Kansas[1]—unless a federal statute governs. Courts have presumed no controlling federal statute for appointment of a receiver exists, apart from Fed. R. Civ. P. 66.[2] The Federal Rules of Civil Procedure qualify as a federal statute. *See Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 942 (10th Cir. 1992) (explaining "the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *Off. Depot*, 596 F.3d at 701 ("The federal rules, including Rule 66, qualify as federal statutes under Rule 69(a)."). So, to the extent Federal Rule of Civil Procedure 66's provisions addressing the appointment of a receiver applies here, it governs this motion. It provides:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

---

[1]   Kansas is the appropriate state law of reference even though the United States District Court for the Eastern District of Virginia entered the underlying judgment. *See* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3012 (3d ed. 2023) ("Many questions that arise in the enforcement of a money judgment will not be answered in the federal statutes and resort must be had to state law. The relevant law is that of the state in which the district court is held. Ordinarily this is the state in which enforcement of the judgment will be sought, since process for the enforcement of the judgment is subject to the territorial limitations of Rule 4.1, which was added in 1993. This need not be the state in which the judgment was originally entered, as federal judgments may by statute be registered in other districts. Once so registered in another district, the judgment may be enforced there in accordance with the law of that state as though originally rendered by that court.").

[2]   *See PNC Bank, Nat'l Ass'n v. Legal Advoc., P.C.*, 626 F. Supp. 3d 972, 975 (E.D. Mich. 2022) ("Rule 69 of the Federal Rules of Civil Procedure requires this Court to use Michigan's procedures for ensuring the execution of its judgments."); *Off. Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010) (considering solely the applicability of Rule 66 and then turning directly to California law).

Fed. R. Civ. P. 66. This Rule applies the Federal Rules of Civil Procedure to appointment of a receiver, addresses administration of an estate, and provides a procedure for dismissing a receiver. But this Rule doesn't provide a standard for courts to apply when they are asked to appoint a receiver, nor the procedural mechanism for doing so. The court thus turns to Kansas law to ascertain the governing legal standard and pertinent procedure.[3]

*First*, the appointment standard: Under Kansas law, "only in cases of greatest emergency are courts warranted in restricting a business or property by the appointment of a receiver." *Del. Ridge Homes Ass'n Inc. v. Maddy*, No. 122,061 2021 WL 2387574 at *4 (Kan. Ct. App. 2021). The appointment of a receiver requires "evidence that the appointment is necessary to prevent fraud or to save the subject of the litigation from material injury or to rescue it from threatened destruction." *Id.* A court may resort to appointment only "when there is no other adequate remedy available," *id.*, because the "power to appoint a receiver is in derogation of the fundamental property right of a legal owner[,]" *City of Mulvane v. Henderson*, 257 P.3d 1272, 1276 (Kan. Ct. App. 2011).

Here, the County fears that execution of the Writ—and the shuttering of Jones Service that would accompany it—has potential to: (i) diminish the value of the property, (ii) lead to seizing non-party property—like the tools and equipment in the embedded mechanic's shop, and (iii) affect negatively the residents of Melvern—as Jones Service is the only gas and service station of its kind in town. Doc. 13 at 4–5. Applying Kansas case law, the court appreciates the threatened destruction of the value of the property if the station were to close. Also, given the complexity of ferreting out the ownership of the various property on site, the court doesn't find another available, adequate remedy. Finally, because this case arises from a judgment that has

---

[3]     *See PNC Bank*, 626 F. Supp. 3d at 975 (applying Michigan state law to decide request to appoint a receiver in federal court). !

remained unsatisfied for three years, the concern about derogating defendants' property rights is mitigated. In short, the court, based on the information the court now possesses, preliminarily concludes that this situation warrants appointing a receiver.

*Second*, the appointment procedure: Kan. Stat. Ann. §§ 60 -1301–05 provide the procedure for appointing receivers in Kansas. That procedure involves both a pleading requirement for the party seeking appointment and limits ex parte appointments until the judge hears evidence sufficient to find "immediate and irreparable" injury. *Hutton v. Rainbow Tower Assocs.*, 601 P.2d 665, 668 (Kan. 1979). In more detail, Kan. Stat. Ann. § 60-1304 provides:

> A receiver shall not be appointed unless: (a) The petition or application for appointment specifies, to the extent known to the petitioner or applicant, the general character and probable value of the property, business or business interest for which the appointment is sought, and, if real property is involved, the estimated annual income therefrom; (b) notice and an opportunity to be heard is given to the interested parties, including any person or persons known to be in possession of all or any part of such property, business or business interest, unless the judge shall, after the introduction of evidence and a record of the proceeding is made, make a finding that immediate and irreparable injury is likely to result, and shall set forth in the order the probable nature of such immediate and irreparable injury.

The "shall not" language of this statute requires an additional filing before the court can grant the County's motion and appoint a receiver. The current motion never indicates the probable value of the property or the estimated annual income it produces. Nor has the County introduced evidence that would allow the court to make an ex parte appointment based on immediate and irreparable injury. So, the court can't grant the County's motion on the current record. Also, any future filing must comply with the requirements of Kan. Stat. Ann. §§ 60-1301–05. The court also directs the County's future filing to identify the proposed receiver and that proposed receiver's duties and limitations.

**IT IS THEREFORE ORDERD BY THE COURT THAT** the County's Third-Party Petition for the Appointment of a Receiver (Doc. 13) is denied without prejudice to refiling.

**IT IS SO ORDERED.**

**Dated this 5th day of October, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
